UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| **In re**<br><br>**LEGACY GLOBAL SPORTS, LP,**[1]<br><br>Debtor | **Chapter 7**<br><br>**Case No. 20-11157-JEB; and**<br>**20-11351 through 20-11376** |

**MOTION BY DEBTORS FOR ENTRY OF ORDER**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 7 CASES**

Harold B. Murphy, the duly appointed Chapter 7 trustee (the "Trustee") of Legacy Global Sport, LP ("LGS"), LGS Management, LLC, LGS Manufacturing, LLC, Legacy Global Lacrosse LLC, LGS Logistics LLC, LGS Team Sales LLC, Premier Sports Events LLC, Massachusetts Premier Soccer LLC d/b/a Global Premier Soccer, Maine Premier Soccer LLC, Mass Premier Soccer in New Hampshire, LLC, Florida Premier Soccer LLC, New York Premier Soccer LLC, Jersey Premier Soccer LLC, GPS in Vermont LLC, Rhode Island Premier Soccer LLC, Carolina Premier Soccer LLC, Georgia Premier Soccer LLC, Global Premier Soccer Puerto Rico LLC, Global Premier Soccer Canada LLC, Global Premier Soccer Oregon, Global Premier Soccer California LLC, Global

---

[1] Joint administration requested. The affiliated debtors, along with the last four digits of each debtor's federal tax identification number, are as follows: (i) Legacy Global Sports, L.P., EIN #2834; (ii) LGS Management, LLC, EIN # 5401; (iii) LGS Manufacturing LLC, EIN #5305; (iv) Legacy Global Lacrosse LLC, EIN # 0161; (v) LGS Logistics LLC, EIN #6244; (vi) LGS Team Sales LLC, EIN # 6484; (vii) Premier Sports Events LLC, EIN #5407; (viii) Massachusetts Premier Soccer LLC d/b/a Global Premier Soccer, EIN # 6290; (ix) Maine Premier Soccer LLC, EIN #0740; (x) Mass Premier Soccer in New Hampshire, LLC, EIN #2958; (xi) Florida Premier Soccer LLC, EIN #0702; (xii) New York Premier Soccer LLC, EIN # 27-2451104; (xiii) Jersey Premier Soccer LLC, EIN # 0501; (xiv) GPS in Vermont LLC, EIN #3359; (xv) Rhode Island Premier Soccer LLC, EIN #2841; (xvi) Carolina Premier Soccer LLC, EIN # 46-1594047; (xvii) Georgia Premier Soccer LLC, EIN #1982; (xviii) Global Premier Soccer Puerto Rico LLC, EIN #1857; (xix) Global Premier Soccer Canada LLC, EIN # 6291; (xx) Global Premier Soccer Oregon, EIN #8242; (xxi) Global Premier Soccer California LLC, EIN #7811; (xxii) Global Premier Soccer Missouri, LLC, EIN #2782; (xxiii) Global Premier Soccer Connecticut, EIN # 6400; (xxiv) Global Premier Soccer Delaware, EIN # 4703; (xxv) Global Premier Soccer Michigan LLC, EIN # 0533; (xxvi) Global Premier Soccer Minnesota LLC, EIN # 5588; and (xxvii) Global Premier Soccer Ohio LLC, EIN #0022.

1

Premier Soccer Missouri, LLC, Global Premier Soccer Connecticut, Global Premier Soccer Delaware, Global Premier Soccer Michigan LLC, Global Premier Soccer Minnesota LLC, and Global Premier Soccer Ohio LLC (collectively, the "Debtors"), moves the Court for the entry of an pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1(a) and (c) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts directing the joint administration of these respective bankruptcy cases.  The Debtors are "affiliates", as that term is defined under Section 101(2) of 11 U.S.C. §§ 101 et. al, (the "Bankruptcy Code"), of each other.  The Trustee requests joint administration for procedural purposes only.  The approval of this motion will dispense with otherwise unnecessary and potentially duplicative filings, easing the administrative burden on the Court and all creditors and parties in interest.  The Trustee request that this Court designate the case captioned as *In re Legacy Global Sports, LLC*, docket number 20-11157, as the lead case in these bankruptcy proceedings.  In support of this motion, the Trustee avers as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On May 20, 2020, certain petitioning creditors filed an involuntary Chapter 7 petition against LGS, and an order for relief was entered on June 23, 2020.

4.      On June 23, 2020, each of the remaining debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

781919

**ARGUMENT**

5.     Federal Rule of Bankruptcy Procedure 1015(b) provides that if two or more petitions involving a debtor and an affiliate are pending in the same court, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Rule 1015-1(a)(3) of the MLBR provides that a motion for joint administration shall be granted "if it is likely to ease the administrative burden on the parties and the Court." MLBR 1015-1(a)(3).

6.     The Debtors are "affiliates" as that term is defined by Section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. 101(2). GPS is the parent of each of the remaining Debtors.

7.     The Trustee expect to file notices, applications, motions, and other pleadings and orders that are applicable to all of the Debtors. Joint administration will permit all parties in interest to file and serve pleadings for all of the respective cases under a single caption. Joint administration will also enable parties in interest to remain apprised of the various matters before the Court in all of the cases and will enable the Trustee to utilize a single creditor service list, eliminating duplication.

8.     Joint administration will similarly reduce the number of pleadings that otherwise would be filed with the Clerk of the Court, make the completion of various administrative tasks less burdensome, and minimize any delays. Joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' estates and other parties in interest.

9.     The Trustee is not aware of any facts that would give rise to actual or potential conflicts of interest caused by joint administration. The Trustee is not seeking substantive consolidation of their chapter 7 cases through this motion. The rights of the Debtors' respective

781919

creditors will not be prejudiced by the entry of an order directing the joint administration of these cases.

10. To the extent that proofs of claim are required to be filed, each creditor will be required to file a claim against the particular estate that is indebted to such creditor.

11. Grounds therefore exist for the entry of an order directing the joint administration of the Debtors' bankruptcy estates.

12. The Trustee seeks to limit notice of the relief sought in this motion to parties who

### NOTICE

13. The Trustee has served this motion by this Court's ECF System, electronic mail or first class mail upon (a) all secured creditors; (b) taxing authorities, (c) the Office of the United States Trustee, and (d) all parties who have filed a notice of appearance in this case. In light of the relief requested herein, the Trustee submit that no other or further notice is required.

[this space intentionally left blank]

781919

**WHEREFORE**, the Trustee respectfully request the entry of an order: (a) authorizing the joint administration of the Debtors' chapter 7 cases, (b) designating *In re Legacy Global Sports, Limited Partnership* as the lead case, and (c) granting such other and further relief as the Court deems appropriate.

        Respectfully submitted,

        HAROLD B. MURPHY, Chapter 7 Trustee
        By his proposed attorneys,

        */s/Kathleen R.Cruickshank*_____
        Harold B. Murphy (BBO #362610)
        Kathleen R. Cruickshank (BBO #550675)
        Murphy & King, Professional Corporation
        One Beacon Street
        Boston, Massachusetts  02108-3107
        Tel: (617) 423-0400
        Fax: (617) 556-8985
        Email: kcruickshank@murphyking.com

Dated: July 9, 2020

781919